22 CV 3355

RECEIVED
SDNY PRO SE OFFICE
2022 APR 25 PM 1:55

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Talha S. Pasha<br><br>-against-<br><br>New York State Department of Health,<br>and The ExecuSearch Group | **Complaint for Employment Discrimination**<br>Case No. _____<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: X Yes |

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Talha S. Pasha
2453 New York Ave
Melville, Suffolk County
New York 11747
Ph: 212-786-5311  E: tpasha@live.com

### B. The Defendant(s)

New York State Department of Health
Corning Tower - Empire State Plaza,
Albany, Albany County
New York 12237
Ph: 518-474-1142  E: dohweb@health.ny.gov

The ExecuSearch Group
675 Third Ave, Fifth Floor
New York, New York County
New York 10017
Ph: 212-922-1001  E: mcampbell@bsk.com

## C. Place of Employment

>New York State Department of Health
>Parking Lot P – Testing Site,
>Stony Brook, Suffolk County
>New York 11794
>Ph: 518-474-1142 E: dohweb@health.ny.gov

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to
**Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).**

## III. Statement of Claim

   A. The discriminatory conduct of which I complain in this action includes **termination of my employment and retaliation**.

   B. It is my best recollection that the alleged discriminatory acts occurred on or about **April 28, 2021**.

   C. I believe defendant(s) **are not still committing these acts against me**.

   D. Defendant(s) discriminated against me based on my:

   1. **Race: Asian**
   2. **Religion: Muslim of Islamic faith**
   3. **National Origin: Pakistan**

   E. The facts of my case are as follows:

1. Plaintiff, Talha S. Pasha, is a Muslim of Pakistani descent and Asian race.
2. Plaintiff was hired with ExecuSearch, a staffing agency, as an Administrative Assistant, from on or about April 12, 2020.
3. Plaintiff was assigned to work with the NYS Department of Health (DOH) as an Administrative Assistant on or about April 12, 2020.
4. Plaintiff began employment with ExecuSearch, staffing agency, and was immediately placed with the Department of Health (DOH) at Stony Brook Parking Lot P COVID-19 Test Site.

5. To date DOH has not had occasion to issue a write up for negative performance, however, Plaintiff worked diligently, effectively, and proactively while placed at the DOH testing site.
6. On or about June 5, 2020, Plaintiff approached DOH site supervisors Brian and Deb, and was given verbal permission to attend a nearby Mosque for Friday prayers since Governor Cuomo had lifted restrictions on houses of worship.
7. Plaintiff was allowed to leave and come back to campus as long as he had his temperature taken and kept face mask on at all times on and off campus.
8. Two to three weeks later, DOH Supervisor Brian advised Plaintiff would no longer be allowed to leave for Friday prayer while allowing workers at the test site to leave at will.
9. DOH Supervisor Brian approached Plaintiff and presented the option of swapping the Friday with another day that Plaintiff was off.
10. Subsequently an unnamed co-worker dropped her Wednesday shift and Plaintiff requested DOH Supervisor Brian for approval to swap his Friday for Wednesday.
11. DOH Supervisor Brian approved the swap and requested Plaintiff contact ExecuSearch, staffing agency and advise he approved the swap.
12. On or about June 15, 2020, Plaintiff emailed ExecuSearch, staffing agency, to request permission to exchange the Friday shift to Wednesday for religious accommodation as approved by DOH Supervisor Brian.
13. When Plaintiff spoke with a recruiter at ExecuSearch, named Anida Fregjaj, on the phone to request religious accommodation in terms of the schedule change, she denied the request and stated Plaintiff would have to give up his Friday shift with no alternative options.
14. Furthermore, recruiter Anida Fregjaj stated a policy of no swapping days would be implemented, which was never enforced as swapping days continued among the staff.
15. DOH Supervisor Brian was notified about ExecuSearch's denial of the religious accommodation request, and refused to intervene stating it wasn't his concern and couldn't allow Plaintiff to leave on Fridays to attend congregation regardless.
16. From on or about June 2020 until Plaintiff's termination, Plaintiff conducted all religious prayers at the work site when he was scheduled to work.
17. Plaintiff believes he was treated differently in the workplace because of national origin, race, and religion and his civil rights were infringed through a pattern of discrimination.

18. On another occasion Plaintiff and colleagues were discussing why Plaintiff preferred to go by his last name when being addressed by colleagues and he mentioned his experiences with others misusing his name in a discriminatory manner.
19. Among these experiences included how kids in high school would call Plaintiff, "Taliban" and his baseball coach/teacher in high school would yell his name every time he saw a plane fly overhead, and how another individual in passing conversation made a suggestion to use the name "Taliban" in naming his demolition and construction company. Plaintiff expressed his disdain at this association with the terrorist organization.
20. Plaintiff also shared the story of his male relative who was accused of being a terrorist in the after math of the 9/11 attacks on the cover of the New York Post then it turned out he sacrificed his life trying to save lives at Ground Zero.
21. Plaintiff also mentioned the time he was later unlawfully arrested by the NYPD during the stop and frisk era and interrogated about whether he was a member of Taliban or Al Qaeda.
22. Plaintiff made clear to the group of co-workers he was discussing these experiences with he started using his last name to avoid association with the terrorist group, which he despises.
23. Among the group of co-workers engaged in this discussion was Bob McCormick, assigned as Supervisor at the work site where Plaintiff was assigned.
24. On or about April 25, 2021 Supervisor Bob approached Plaintiff while at work and addressed Plaintiff by "Taliban," and Plaintiff let Supervisor Bob know this was not funny and something Plaintiff despised being associated with and Supervisor Bob laughed it off.
25. On or about April 25, 2021 Supervisor Bob addressed Plaintiff by "Taliban" again this time in front of a co-worker, Judy, who also laughed at Supervisor Bob calling Plaintiff as such.
26. Both Supervisor Bob and co-worker Judy are Caucasian.
27. Plaintiff was disappointed and confused knowing Supervisor Bob was advised by Plaintiff he didn't like being called "Taliban" and was something he despised being associated with.
28. To ensure Supervisor Bob understood that Plaintiff was uncomfortable with being addressed as "Taliban," Plaintiff approached Supervisor Bob again in private and advised Supervisor Bob that should he address Plaintiff as "Taliban" again Plaintiff would notify DOH Supervisor Brian and staffing agency, ExecuSearch to lodge a formal complaint.
29. On or about April 28, 2021 following Plaintiff's second request to not be addressed as "Taliban," Plaintiff was terminated, as decided by NYS Department of Health, for

unprofessionalism and not provided any further details by the staffing agency ExecuSearch. Plaintiff was not offered any additional job opportunities by the staffing agency ExecuSearch and Plaintiff's health benefits were terminated.

30. Neither ExecuSearch, staffing agency, or NYS Department of Health gave Plaintiff any verbal nor written warnings of unsatisfactory work performance or any complaints of unprofessionalism during Plaintiff's tenure lasting over one (1) year.

31. Additionally, most - if not all, of the employees terminated by the Department of Health during the course of Plaintiff's employment were minorities.

32. Based on the above stated facts, Plaintiff was discriminated against because of Plaintiff's national origin (Pakistan), race (Asian), and religion (Islam) and for retaliation, in violation of Title VII of the Civil Rights Act of 1965.

### IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on **May 17, 2021**.

B. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter, which I received on **January 28, 2022**, as attached.

### V. Relief

As per monetary damages the Plaintiff is requesting an amount of $800,000 to cover loss wages, inability to pursue ongoing medical and dental procedures due to loss of health coverage, and damage to reputation of Plaintiff's small business.

As far as non-monetary damages the Plaintiff is requesting a state mandate to implement a prayer room or area for all faiths and availability to use them through the duration of a work shift. Plaintiff is also requesting increased diversity in hiring towards all religions and races. Plaintiff also requests the State of New York to recognize the Muslim holidays of Eid al-Fitr and Eid al-Adha to better understand the religion and reduce discriminatory actions against those of Islamic faith. Plaintiff is also requesting long-term employment with New York State in a mutually agreeable position.

Any additional remedies the court may find justifiable.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: April 22, 2022.

Signature of Plaintiff

Printed Name of Plaintiff     Talha S. Pasha