UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TALHA S. PASHA,<br><br>                              Plaintiff,<br><br>         -against-<br><br>NEW YORK STATE DEPARTMENT OF HEALTH and THE EXECUSEARCH GROUP,<br><br>                              Defendants. | 22 Civ. 3355 (ER)<br><br>ORDER OF SERVICE |

EDGARDO RAMOS, United States District Judge:

Plaintiff brings this *pro se* action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17, alleging that his employer discriminated against him based on his race, religion, and national origin.  By order dated April 26, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP).

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).  Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses and the complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued.  The Court therefore extends the time to serve until 90 days after the date summonses are issued.  If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray*

*v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants New York State Department of Health and the ExecuSearch Group through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for the New York State Department of Health and the ExecuSearch Group and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated:  April 27, 2022
        New York, New York

                                            _____
                                            EDGARDO RAMOS
                                            United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. New York State Department of Health
   Corning Tower, Empire State Plaza
   Albany, New York 12237

2. The ExecuSearch Group
   675 Third Avenue, Fifth Floor
   New York, New York 10017