UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

                Defendants.

**ORDER**

22-cv-3355 (ER)

RAMOS, D.J.

    The Court is in receipt of Pasha's March 8, 2024 letter requesting expedited discovery and an ECF fee waiver. Doc. 68. In their letter in opposition to Pasha's various other requests in this case, including a request to expedite the case, the defendants argue that expedited discovery is not warranted. Doc. 66.

    While parties generally cannot initiate discovery prior to satisfying the meet and confer requirements of Federal Rule of Civil Procedure 26(f), courts "may in some instances order earlier discovery." *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 239, 241 (S.D.N.Y. 2012). Courts in this District apply a "flexible standard of reasonableness and good cause" to determine whether to grant a party's expedited discovery request. *Ayyash v. Bank Al–Madina*, 233 F.R.D. 325, 326–27 (S.D.N.Y. 2005). Pasha has not demonstrated any reasonableness or good cause to expedite discovery in this action. Accordingly, Pasha's request for expedited discovery is denied.

    Separately, Pasha requests a "fee waiver in accessing PACER documents" so that he can access ECF for updates in his case. Doc. 68 at 2. Pasha is directed to contact the Pro Se Intake

Unit so that he can consent to receiving ECF email notifications. Pasha is advised that if consents to receiving ECF email notifications, he is able to receive one free electronic copy of all filed documents. ECF provides "one free look" whereby a user can view (and download) a filed document for free, assuming that the user downloads the document during the first time he or she views it.

**CONCLUSION**

For the foregoing reasons, Pasha's requests for expedited discovery and an ECF fee waiver are DENIED.

SO ORDERED.

Dated: March 14, 2024
New York, New York

EDGARDO RAMOS, U.S.D.J.