UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

                Defendants.

**ORDER**

22-cv-3355 (ER)

RAMOS, D.J.

      The Court is in receipt of Pasha's April 22, 2024 letter requesting to "strike Doc. 55 from the public record." Doc. 74. In their letter in opposition to Pasha's request, the defendants argue that document 55 served as the New York State Department of Health's opposition to Pasha's request to file a sixth version of the proposed amended complaint and a request for the Court to address Pasha's "excessive e-mailing of defense counsel." Doc. 80. Specifically, document 55 characterized the 34 emails that Pasha had sent to opposing counsel over a two-month period as "becoming excessive and harassing." *See* Doc. 55.

      "Judicial records presumptively are subject to public inspection." *Cedar Swamp Holdings, Inc. v. Zaman*, 476 F. Supp. 2d 303, 304 (S.D.N.Y. 2007) (citing *United States v. Amodeo*, 71 F.3d 1044, 1047 (2d Cir.1995)) ("*Amodeo II*"). Moreover, "'the presumption is at its strongest when the document in question . . . has been submitted as a basis for judicial decision making.'" *Id*. (quoting *Greater Miami Baseball Club L.P. v. Selig*, 955 F. Supp. 37, 39 (S.D.N.Y. 1997)). A document may only be removed from the public docket if "countervailing considera-

tions overcome the presumption." *Id*; *see also Amodeo II*, 71 F.3d 1050 (the Second Circuit balanced the weight of the "presumption" against countervailing factors, including "the privacy interests of those resisting disclosure.").

In response to document 55, the Court issued a memo endorsement denying Pasha's request to further amend his complaint and directed Pasha to respond and explain why an "order directing him to correspond with defense counsel in a reasonable manner limited to when litigation requires such communication should not issue." Doc. 57. Following his response, the Court eventually directed Pasha to "consolidate his requests for information to the extent possible so as to limit his communications with opposing counsel." Doc. 65. Accordingly, document 55 was a document that served as a basis for judicial decision-making. Therefore, the presumption that this document is subject to public inspection applies. Pasha has not provided any countervailing considerations, such as privacy concerns, as a reason to strike the document.[1] *See Cedar Swamp Holdings, Inc.*, 476 F. Supp. at 304. Pasha's request to strike document 55 is therefore denied.

The Court is also in receipt of Pasha's April 30, 2024 letter requesting "Document 55 and every following document be stricken from the record to remove any reference to the demfamatory comments." Doc. 78 at 1. He also requests "all decisions pending on this case [to be reviewed] . . . by a fair and impartial judge" because the Court "may consider Plaintiff a 'criminal' and will be incorrectly biased." *Id*. For the foregoing reasons, Pasha's motion to strike document 55 and other documents is also denied. Because Pasha does not present any credible allegations warranting case reassignment, this request is also denied.

---

[1] Contrary to Pasha's suggestions, the Court finds that the reference to Pasha's emails in document 55 were not meant to falsely accuse him of criminal conduct or to otherwise prejudice him. Instead, the purpose of the letter was to limit Pasha's excessive communications with opposing counsel.

Finally, the Court is in receipt of Pasha's May 6, 2024 letter providing additional arguments in support of his pending motion to amend his complaint. Doc. 82. Pasha is advised that his motion has already been fully briefed, and that the Court will issue a decision on the matter in due course. The Court will not consider additional arguments.

**CONCLUSION**

For the foregoing reasons, Pasha's request to strike document 55 and other documents including allegedly "defamatory" remarks, as well as his request for case reassignment, are DENIED.

SO ORDERED.

Dated: May 13, 2024
       New York, New York

_____
EDGARDO RAMOS, U.S.D.J.