UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

Plaintiff,

*-against-*

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

Defendants.

**ORDER**

22-cv-3355 (ER)

RAMOS, D.J.

The Court is in receipt of Pasha's letter dated June 2, 2024, stating that he "persists in requesting a reconsideration of the decision-making in not striking offending documents from the record . . . ." Doc. 91. Construing his *pro se* motion liberally, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court interprets Pasha's request as a motion for reconsideration of the May 13, 2024 Order denying his request to strike document 55 and other documents with allegedly "defamatory" remarks. *See* Doc. 83. The Court notes that on May 21, 2024, Pasha filed notice of his appeal of the May 13, 2024 Order to the Second Circuit.

Because Pasha has filed a notice of appeal, the Court must first address whether it has jurisdiction to rule on the motion. An improper interlocutory appeal from a non-final order does not deprive the district court of jurisdiction. *See United States v. Rogers*, 101 F.3d 247, 252 (2d Cir. 1996). Here, Pasha's appeal of the May 13, 2024 Order is an improper interlocutory appeal of a non-final order. Accordingly, the Court still retains jurisdiction over his motion for reconsideration.

"A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks and citation omitted). Rather, the party must "present controlling decisions or facts that the court originally overlooked" that "might reasonably be expected to alter the [Court's] conclusion" because "a mere disagreement with the Court's legal determination is not a valid basis for reconsideration." *In re M/V Rickmers Genoa Litig*., Nos. 05-cv-4261 (LAP), 05-cv-6226 (LAP), 05-cv8841 (LAP), 05-cv-9472 (LAP), 2011 U.S. Dist. LEXIS 154420, at *8 (S.D.N.Y. July 8, 2011) (internal citations omitted).

Pasha has failed to do so, and instead rehashes the same argument raised in his previous letters in support of the motion to strike—namely, that opposing counsel's characterizations of his repeated communications with her as "become excessive" or "harassing" were unfair, distractions from the merits of his claim, and could subject Pasha to criminal liability. Pasha fails to identify and facts or law that would change the Court's conclusion that striking document 55 or other documents including allegedly "defamatory" remarks was not warranted.

Accordingly, Pasha's motion for reconsideration, is DENIED.

SO ORDERED.

Dated: June 7, 2024
New York, New York

EDGARDO RAMOS, U.S.D.J.