UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

                Defendants.

**ORDER**

22-cv-3355 (ER)

RAMOS, D.J.

      The Court is in receipt of Pasha's letter dated June 13, 2024, in which he requests permission to file a motion for sanctions pursuant to Federal Rule of Civil Procedure 11. Doc. 94. Specifically, he alleges that opposing counsel, Jessica Preis, has improperly "issu[ed]overly broad directives that seek incriminatory responses as a defense tactic." *Id*. at 4. Pasha also notes that he has complied with the so-called safe harbor provision of Rule 11 by serving Preis a draft of his motion, to which he has not received a response.[1] *Id*.

      Pasha appears to reference Preis' statement in a previous letter to the Court, in which she characterized his 34 emails to her over a two-month period as "becoming excessive and harassing" and described the communications as "inappropriate and approach[ing] bullying." Doc. 55 at 3. Pasha thus claims that Preis falsely accused him of engaging in criminal conduct. Doc. 94 at 14–15.

---

[1] Pasha does not state when he served the draft motion. Doc. 94 at 4.

Rule 11 authorizes the Court to impose sanctions when a party files or advocates for a pleading or other document that is improper, warrantless, frivolous, or otherwise unsupported by available facts. Fed. R. Civ. P. 11(b)–(c); *see also Robledo v. Bond No. 9*, 965 F. Supp. 2d 470, 477–78 (S.D.N.Y. 2013) ("A pleading, motion or other paper violates Rule 11 either when it has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or good faith argument for the extension, modification or reversal of existing law." (citation omitted)). When deciding whether Rule 11 has been violated, the Court applies an objective standard of reasonableness, *W.K. Webster & Co. v. American President Lines, Ltd.*, 32 F.3d 665, 670 (2d Cir. 1994), and looks to, among other factors, whether the party acted in bad faith; whether they relied on a direct falsehood; and whether the claim was "utterly lacking in support," *see New V & J Produce Corp. v. NYC Caterers Inc.*, No. 13-cv-4861 (ER), 2014 WL 5026157, at *7 (S.D.N.Y. Sept. 29, 2014).

Pasha asserts no credible facts that support the claim that Preis engaged in sanctionable conduct. Preis merely characterized the high volume of emails as overly burdensome and inappropriate, and she does not accuse Pasha of any criminal misconduct. Additionally, Pasha does not present any evidence that Preis acted in bad faith, relied on false facts, or made a claim that was "utterly lacking in support." *See New V & J Produce Corp.,* 2014 WL 5026157, at *7. Accordingly, Pasha's request for leave to file a motion for Rule 11 sanctions is DENIED.

SO ORDERED.

Dated:  July 8, 2024
        New York, New York

_____
EDGARDO RAMOS, U.S.D.J.