UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                    Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

                    Defendants.

**ORDER**

22-cv-3355 (ER)

RAMOS, D.J.

      Pasha, who is *pro se*, has filed several recent motions in this case concerning striking document 55 and associated documents from the public record in this case. As a short summary, document 55 is a February 20, 2024 letter from counsel for the New York State Department of Health. *See* Doc. 55. The letter characterizes 34 emails that Pasha had sent to that counsel over a two-month period as "becoming excessive and harassing," and attaching the emails at issue. *See* Doc. 55. After providing Pasha an opportunity to respond to the letter, on March 1, 2024, the Court issued an Order directing him to "consolidate his requests for information to the extent possible so as to limit his communication with opposing counsel." Doc. 65. On April 22, 2024, Pasha submitted a letter requesting that document 55 be struck from the public record. Doc. 74. Because document 55 served as a basis for judicial decision making, the Court found that a presumption of public inspection applied, and denied Pasha's motion to strike the document on May 13, 2024. *See* Doc. 83.

      On June 6, 2024, the Court denied Pasha's request for reconsideration of its May 13, 2024 Order. *See* Doc. 92. On July 22, 2024, Pasha field a second motion for reconsideration in

support of his motion to strike, arguing that the Court "overlooked arguments of facts and law" that "should reasonably alter the Court's conclusion." Doc. 109. On July 31, 2024, Pasha filed a second letter presenting additional arguments in support of his second motion for reconsideration. Doc. 111. In support of his second motion for reconsideration, Pasha generally argues that the request to strike was made prior to document 55 serving as a basis for judicial decision-making, that document 55 contains "fabricated facts" and "flawed legal conclusions," and his emails attached to document 55 were part of confidential settlement discussions. Doc. 109 at 1.

"A motion for reconsideration is not an opportunity for a petitioner to relitigate an issue already decided." *Ethridge v. Bell*, 49 F.4th 674, 688 (2d Cir. 2022) (internal quotation marks and citation omitted). Rather, the party must "present controlling decisions or facts that the court originally overlooked" that "might reasonably be expected to alter the [Court's] conclusion" because "a mere disagreement with the Court's legal determination is not a valid basis for reconsideration." *In re M/V Rickmers Genoa Litig.*, Nos. 05-cv-4261 (LAP), 05-cv-6226 (LAP), 05-cv8841 (LAP), 05-cv-9472 (LAP), 2011 U.S. Dist. LEXIS 154420, at *8 (S.D.N.Y. July 8, 2011) (internal citations omitted).

Pasha's first argument is without merit, as his motion to strike was filed on April 22, 2024, a date which is *after* the Court directed Pasha to limit his communication with opposing counsel in its March 1, 2024 Order. *See* Docs. 65, 74. The Court finds that with regard to his second argument, Pasha only seeks to relitigate issues already decided by this Court. *See* Docs. 83, 92. Turning to the third argument, evidence of the parties' confidential settlement negotiations generally should not be publicly filed. *See Otto v. Hearst Communications, Inc.*, No. 17-cv-4712 (GHW) (JLC), 2019 WL 1034116, at *13 (S.D.N.Y. Feb. 21, 2019) ("[S]ettlement nego-

2

tiations are . . . confidential for most purposes[.]"). However, the attached emails do not plausibly discuss any confidential settlement negotiations. The only references to settlement are Pasha's representations about a "more favorable settlement," *see* Doc. 55-1 at 4–5, and a statement that he is "willing to settle this matter out of court." Nowhere do the emails include reference to proposed settlement terms or other sensitive information. *Cf. Palmieri v. New York*, 779 F.2d 861, 865 (2d Cir. 1985) (noting that "[s]ecrecy of settlement terms ... is a well-established American litigation practice") (citation omitted); *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 143 (2d Cir. 2004) (noting that there is no established presumption of access to the terms of a settlement agreement). Accordingly, the Court is not persuaded by Pasha's third argument for reconsideration.

The Court is also in receipt of Pasha's motion for leave to proceed *in forma pauperis* on appeal. Doc. 112. In its July 26, 2024 Order denying Pasha's request to certify certain Court orders for interlocutory appeal, the Court also denied him *in forma pauperis* status for the purpose of an appeal. Doc. 110. His request is therefore denied.

**CONCLUSION**

For the foregoing reasons, Pasha's second request for reconsideration is denied. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to terminate the motions, Docs. 109 and 112.

SO ORDERED.

Dated: August 8, 2024
       New York, New York

                                                   EDGARDO RAMOS, U.S.D.J.