| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | **MEMO ENDORSED** at page 5 |
| Talha S. Pasha<br><br>-against-<br><br>New York State Department of Health,<br>New York State Department of Environmental Conservation<br>and The Tandym Group f/k/a ExecuSearch Group; | SUPPLEMENT TO OBJECTION ORDER 120 & MOTION FOR RECONSIDERATION<br><br>Case No. 22 CV 3355<br>Jury Trial: Yes |

**SUPPLEMENT TO OBJECTION ORDER 120 & MOTION FOR RECONSIDERATION**

The Court contradicts the statutory intent of Title VII and parties that can be held liable for discriminatory behavior by holding "a third party's influence on a decisionmaker's termination of a plaintiff fails to establish a joint employment relationship." As referenced in a case the Court has cited in Order 120, **"Title VII itself explicitly recognizes that 'any agent' of an employer will be liable for discriminatory behavior.  *379 42 U.S.C. § 2000e(b)."** *Gulino v. New York State Educ. Dep't*, **460 F.3d 361, 378–79 (2d Cir. 2006).** The Court attempts to redefine parties that can be held liable under Title VII in direct contradiction of the same statute. Discriminatory actions by an agent of any employer under the Court's erroneous conclusion "a third-party's influence on a decisionmaker's termination of a plaintiff fails to establish a joint employer relationship" wouldn't qualify as such and avoid liability. This is clear misapplication of the law and an erroneous conclusion on it's face, as improperly asserted in Order 120.

The Court clearly erred in it's holding in Order 120 by claiming "a third party's influence on a decisionmaker's termination of a plaintiff fails to establish a joint employment relationship," Plaintiff supplements previous arguments. Additional arguments further substantiate the Court's ruling in Order 120 contravenes the intent of discrimination statutes and decades of employment

discrimination holdings that have worked to uphold principles that the holding of Order 120 instantly undos. New York State Department of Environmental Conservation [NYSDEC] should be held liable as a joint employer, and any challenges to these holdings should be reserved for appeals. If Court fails to uphold NYSDEC as an "joint employer" there should be consideration paid to NYSDEC as an "agent" of the employer NYSDOH and Tandym.

The conclusion "a third party's influence on a decisionmaker's termination of a plaintiff fails to establish a joint employment relationship," is an *ipse dixit* statement asserted by the State Defendant in their Memorandum in Opposition to the Plaintiff's Motion for Leave to File an Amended Complaint [Doc. 50]. This statement was created by the State from a citation in the holding of *Byron v. Bronx Parent Housing Network*, 2023 WL 2585824 (S.D.N.Y. 2023):

> "Fried, 2011 WL 2119748, at *6–7 (S.D.N.Y. May 23, 2011) (no joint employment relationship where plaintiff alleged that directors appointed by a company holding a minority stake in his employer were vocal in decision to terminate him, sent him a termination letter, and were directly involved in transitioning his job responsibilities)."

Compared to the statement proffered by the State Defendant and supplemented by Order 120:

> "*Fried v. LVI Servs., Inc.*, No. 10-cv-9308 (JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011) (plaintiff failed to plausibly allege defendant company was joint employer even though plaintiff alleged the company's officers sat on his employer's board of directors, advocated for plaintiff's termination, sent him a termination letter, and were directly involved in transitioning his job responsibilities )"

The major difference between these two excerpts is the State Defendant and Order 120 failed to include the fact "directors appointed by a company holding a minority stake in his employer." There are no such corporate law principles cited in this case as this is an essential fact in the failure to establish joint employer relationship: "it is undisputed these entities are minority shareholders in LVI Parent. As such, they are incapable, by definition, of controlling the actions

2

of either LVI Parent or LVI." *Fried*, 2011 WL 2119748, at *6–7 (S.D.N.Y. May 23, 2011). By omitting this crucial piece of information the State Defendant and Order 120 imputes supervisor Bob McCormick as a "company officer" and NYSDEC as "defendant company." However supervisor Bob isn't acting through a minority shareholder on the Board of NYSDEC, he was acting in his capacity as supervisor for the government agency NYSDEC, acting jointly with NYSDOH and Tandym. The omission of this crucial fact in Order 120, adopting this interpretation, undermines the conclusion regarding "a third-party's influence" on terminations.

Accompanying this faulty citation in Memo Doc. 50, is the claim "*see also Felder*, 27 F.4th at 844 (joint-employer has power to hire and fire)" which is also a misrepresentation and direct contradiction of the definition of "joint employer." The very case the State cites as the source for this misrepresentation contradicts this. In *Felder* the Court found "'joint employer doctrine' applies 'where the plaintiff's employment is subcontracted by one employer to another, formally distinct, entity.'" The Court held "refusing an assignment" qualifies an entity under "joint employer" when "the entity would have been the employee's joint employer had it *accepted* his assignment." Claims were denied after assessing totality of factors. Order 120 also contradicts:

> "Here, Pasha has not alleged that the DEC hired or compensated him, and thus he is not an employee of the DEC under the common law agency test. Pasha instead asserts that the DEC was a joint employer with the DOH."

The State exhibits bad faith and dilatory motive with these misrepresentations. "Control as the guidepost" refrain found throughout federal holdings. *Fried* has no bearing on "third-parties" or their "influence on a decisionmaker's termination of a plaintiff." Plaintiff asserts NYSDEC had a supervisory relationship as defined in holdings and as referenced in Doc. 58 on 2/26/24:

> "Several federal courts have held that Title VII permits suits against [those] 'who control

3

access to such employment and who deny such access by reference to invidious criteria.'" *Id*. "We hold that an employee is a 'supervisor' for purposes of vicarious liability under Title VII if empowered by the employer to take tangible employment actions against the victim," *Vance v. Ball State Univ.*, 570 U.S. 421 (2013).

Supervisory relationship did exist and is a factor in joint employer claims, as the Court fails to acknowledge in Order 120. Plaintiff was subjected to discriminatory actions against protected characteristics perpetuated by the employer/agent. After two requests to stop, Plaintiff was terminated with their involvement in the decision after warning of making formal complaints.

Another court in this District which confirms the importance of this factor to the inquiry of joint employer claims is *Klinkowitz v. Jamaica Hosp. Med. Ctr.*, 2022 WL 818943 (S.D.N.Y 2022). Therein, Plaintiff allege "that two individuals allegedly employed by Medisys—Trina Cornet and Ayanna Blake—'facilitated' the decision to suspend and terminate Klinkowitz." The plaintiff's facts in this case to support allegations of "'facilitating' the decision to suspend and terminate" him, where "he alleges that a Medisys employee, Trina Cornet, was copied on emails denying Klinkowitz's requests for leave." This level of "active participation" failed to establish Medisys to the action as joint employers because "without any factual allegations, a legal conclusion does not set forth a plausible claim." *Id.* In making this determination the Court relies on *Nelson v. Argyropoulous,*, 2021 WL 4927059, (S.D.N.Y. 2021):

> "granting motion to dismiss for failure to plead a joint employment relationship between Victory and MMNA as to the plaintiff …'did not allege any involvement by MMNA in Victory's decision to hire, supervise or terminate him.'"

The conclusion in Order 120 ""a third party's influence on a decisionmaker's termination of a plaintiff fails to establish a joint employment relationship," is wholly without merit and goes against the very statutory definition of parties liable pursuant to Title VII. It also contradicts the finding NYSDEC cant be held liable as a joint employer. Involvement in the termination

4

decision is the very fact that was lacking in the *Klinkowitz* complaint that failed "raise a 'right to relief above the speculative level.'" *Felder* 27 F.4th 834, 841 [citations omitted]. Plaintiff in the present case was subject to discriminatory action, gave notice to the joint employer and/or agent responsible for the discriminatory action, and the same joint employer and/or agent was directly involved in the "decision to terminate the Plaintiff," establishing joint employer claims. *Id.*

Plaintiff **OBJECTS** to Order 120 as it contravenes statutory intent and is a misapplication of the law, abuse of discretion, and acting outside of Article III functions. Plaintiff **OBJECTS** and preserves these arguments for appeal. Plaintiff has been pursuing this action for three and a half years and was subjected to unfair discriminatory actions in the course of employment that subject him to hazardous conditions. Plaintiff was only terminated after engaging in protected activities. Now the Court perpetuates further discrimination by creating new rules contravening definitions in the text of the very statute that establishes discrimination as an unlawful activity. Plaintiff stops short of making a request for recusal, but does request Your Honor to assess whether there is a question of impartiality preventing fair ruling in this action, and if so, allow an unbiased judiciary to oversee this action in the interests of justice and time.

**Certification and Closing**
Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this motion: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. Plaintiff's address on file is current and up to date.

Signature of Plaintiff: [signature]
Date of signing: October 17, 2024
Printed Name of Plaintiff: Talha S. Pasha

Defendants are directed to respond to the motion for reconsideration by November 1, 2024.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.
Dated: October 18, 2024
New York, New York