IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**
at page 3

| | |
|---|---|
| **Talha S. Pasha**<br><br>   -against-<br><br>New York State Department of Health,<br>New York State Department of Environmental Conservation<br>The Tandym Group f/k/a ExecuSearch Group;<br>and Anida Fregjaj | MOTION TO<br>ADD DEFENDANT<br>AND CLAIMS<br><br>Case No. 22 CV 3355<br>Jury Trial: Yes |

### MOTION TO ADD DEFENDANT & CLAIMS

**I. Background**

    Plaintiff brings action against Defendants for wrongful termination and retaliation due to discrimination, in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e to 2000e-17); 42 U.S.C. §1981; and New York State Executive Law Article 15 HUMAN RIGHTS LAW (Executive Law § 290). In Order 120 the Court granted Plaintiff's claims to pursue § 1981 claims and pursuant to these claims, Plaintiff seeks to add defendant Anida Fregjaj, Managing Director at Tandym, to the action in her individual capacity, along with claims of "hostile work environment" "disparate treatment," "discrimination in contract formation," "discrimination in contract performance," "retaliation," and "failure to enforce contracts." Additional facts and supporting evidence substantiate these claims. It is in the interests of judicial efficiency and justice to have defendant Anida Fregjaj added to this present action, rather than commencing a new action that would subsequently result in a joinder of parties. Additionally, there is a four (4) year statute of limitations for § 1981 claims, pursuant to 28 U.S.C. §1658. *Jones v. R. R. Donnelley & Sons Co.*, 541 U.S. 369 (2004). Also, Plaintiff's request to provide additional facts is pending the Defendants' Reply to the Objection Order 120 & Motion for Reconsideration.

## II. Legal Standard

According to the Federal Rules of Civil Procedure, Rule 21, "On motion or on its own, the court may at any time, on just terms, add or drop a party." Fed.R.Civ.P. 21. It is also in the interests of judicial efficiency because to "dismiss the present petition and require the new plaintiffs to start over in the District Court would entail needless waste and runs counter to effective judicial administration." *Mullaney v. Anderson*, 342 U.S. 415 (1952). The Court in deciding on granting this Motion is "guided by 'the same standard of liberality afforded to motions to amend pleadings under Rule 15.'" *Soler v. G & U, Inc.*, 86 F.R.D. 524, 528 (S.D.N.Y. 1980). This request should be granted as "all these claims involve the same or related factual and legal questions. Joinder of additional parties at this stage of the litigation would not create an unfair disadvantage for the defendants and may preserve judicial resources." *Id*.

Additionally, prior pleadings have established Anida Fregjaj as a bad actor acting with discriminatory intent. *Kelly v. Commc'ns Workers of Am., AFL-CIO*, 697 F. Supp. 3d 193, 196 (S.D.N.Y. 2023). Anida Fregjaj was, according to her own words, "responsible for the staffing of the site." She exercised control over the individuals and the schedules for which they were employed. In part, it was her decisionmaking that created a discriminatory work environment for Plaintiff that culminated in his termination, including disparate treatment with creation of new policies targeting Plaintiff's protected characteristics, specifically. These facts establish liability pursuant to § 1981, therefore Plaintiff is "adding a legal claim based upon such allegations." *Id*.

## III. Conclusion

Given the timing of the request being prior to the filing of the Amended Complaint and the Plaintiff's pending request for additional facts to amended in support of existing claims, the

Motion should be granted in the interests of justice. Anida Fregjaj did plausibly engage in discriminatory acts against the Plaintiff pursuant to § 1981, as her decisionmaking in scheduling, policymaking, and actions following the discriminatory termination of Plaintiff's employment were motivated by discriminatory intent. Existing facts in the Amended Complaint Doc. 49 establish liability, and additional facts can substantiate plausible claims against Anida Fregjaj pursuant to § 1981, given her actions and role in Plaintiff's treatment and termination. Additionally, Plaintiff has notified the defendant Tandym's representatives at JacksonLewis, P.C. regarding the pendency of the request to add defendant Anida Fregjaj, in an individual capacity, as a courtesy and Plaintiff was neither met with nor provided any objections in doing so.

**Certification and Closing**
Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this motion: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. Plaintiff's address on file is current and up to date.

Signature of Plaintiff: [signature]
Date of signing: October 29, 2024
Printed Name of Plaintiff: Talha S. Pasha

> Defendants are directed to respond to the motion to add party by November 6, 2024.
>
> SO ORDERED.
>
> [signature]
> Edgardo Ramos, U.S.D.J.
> Dated: October 30, 2024
> New York, New York