UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF HEALTH *and* THE EXECUSEARCH GROUP,

                Defendants.

**OPINION & ORDER**

22-cv-03355 (ER)

RAMOS, D.J.:

    Talha Pasha, who is *pro se*, brings this action against the New York State Department of Health (the "DOH") and the ExecuSearch Group[1] ("the Defendants"), alleging employment discrimination on the basis of his race, religion, and national origin in violation of Title VII of the Civil Rights Act of 1964. Doc. 1. Before the Court are Pasha's motions for reconsideration and for leave to file an amended complaint.[2] Docs. 122 and 133. For the reasons set forth below, Pasha's motions are DENIED.

**I.    PROCEDURAL BACKGROUND**

    Pasha filed this action on April 25, 2022, alleging that the Defendants discriminated against him based on his Asian race, Islamic religion, and Pakistani national origin, and retaliated against him for complaining about discrimination. Doc. 2. That same date, Pasha requested leave to proceed in forma pauperis ("IFP"). Doc. 1. On April 26, 2022, the Court granted Pasha's IFP request. Doc. 3. The ExecuSearch Group filed its answer on November 7, 2022. Doc. 15. On February 1, 2023, the DOH filed its answer. Doc. 22. Six months later, on August 10, 2023, Pasha filed a motion seeking to

---

[1] The ExecuSearch Group is currently known as the Tandym Group.

[2] Pasha's motion for leave to file an amended complaint is titled "Motion to Add Defendant & Claims." Doc. 133.

amend his complaint. Doc. 32. At a pre-motion conference held on September 22, 2023, the Court referred the parties to mediation, and stated that if mediation was not successful, a briefing schedule would be set for Pasha's motion to amend.

Mediation was unsuccessful, and on December 4, 2023, Pasha filed a motion for leave to file an amended complaint. Doc. 42. The next day, the Court set a briefing schedule on Pasha's motion. Doc. 41. On January 9, 2024, Pasha filed another proposed amended complaint. Doc. 44. Less than two weeks later, on January 22, 2024, Pasha filed a letter with the Court requesting that "corrections" be made to his pleading and included a further revised version of the proposed amended complaint. Doc. 47. On January 26, 2024, the Court granted Pasha's request and directed him to resubmit the proposed amended complaint with corrections. Doc. 48. On January 30, 2024, Pasha filed a final version of the proposed amended complaint. Doc. 49.

On September 19, 2024, the Court granted in part Pasha's motion for leave to file an amended complaint, Doc. 42. Doc. 120. The Court granted the motion only as to his allegations of discrimination based on his ethnicity and his § 1981 claims. *Id.* The Court denied Pasha's request to add the New York State Department of Energy Conservation (the "DEC") as a defendant, or to allege discrimination based on his gender. *Id.* On October 15, 2024, Pasha filed a motion for reconsideration, arguing that the proposed amendments were sufficient to establish that the DEC exerted joint control along with the DOH over his employment. Docs. 121 and 122. On October 17, 2024, Pasha submitted a supplement to his motion for reconsideration. Doc. 124. On October 30, 2024, Pasha submitted a letter with an attached photograph.[3] Doc. 134. On November 1, 2024, the

---

[3] The attached photograph includes three individuals. Doc. 134-1. One of the individuals is Pasha, and the other two individuals are supposedly DEC employees. *Id.* The picture is supposedly of a COVID-19 testing site. *Id.* There are three signs in the photograph, which say the following: (1) "STOP," (2) "Windows up, ID on Dashboard, Car in Park," and (3) "Department of Health may text you with your results." *Id.* Pasha argues that this photograph is further evidence that the DEC exerted significant control over his employment. *Id.*

ExecuSearch Group filed a letter stating that they have no position on the motion. Doc. 136. On November 2, 2024, Pasha submitted a letter with an attached signed statement.[4] Doc. 137. On November 8, 2024, the DOH filed an opposition to the motion. Doc. 142. On November 11, 2024, Pasha filed a reply. Doc. 144.

On October 29, 2024, while the motion for reconsideration was pending, Pasha, without leave of Court, filed yet another motion for leave to file an amended complaint, seeking to add a defendant, Anida Fregjaj, managing director at Tandym Group, f/k/a the ExecuSearch Group, and six claims. Doc. 133. On November 21, 2024, the DOH and the ExecuSearch filed oppositions to the motion. Doc. 145 and Doc. 147. On November 22, 2024, Pasha filed a reply in support of his motion. Doc. 148.

For the following reasons, Pasha's motions for reconsideration and for leave to file an amended complaint are DENIED.

## II.   LEGAL STANDARDS

### A.  Motion for Reconsideration

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted). "A motion for reconsideration should be granted only when the [party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (citation and internal quotation marks omitted). It is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical*

---

[4] The statement, dated November 1, 2024, is signed by Paul Maggio, who claims to have been employed by the DEC during the relevant time. Doc. 137-1. Maggio also claims that he supervised Pasha on "many occasions." *Id.* The statement is not notarized. *See id.* Pasha argues that the statement is further evidence that the DEC is a joint employer with the DOH. Doc. 137.

*Surveys*, 684 F.3d at 52 (citation omitted).  The decision to grant or deny the motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

### B. Motion for Leave to File an Amended Complaint

Rule 15(a)(2) allows a party to amend its complaint pursuant to the other party's written consent or the court's leave and provides that a "court should freely give leave [to amend] when justice so requires."  Motions to amend are ultimately within the discretion of the district court judge, *Foman v. Davis*, 371 U.S. 178 (1962), who may deny leave to amend for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (internal quotation marks omitted)).  This is a permissive standard since the Federal Rules "accept the principle that the purpose of pleading is to facilitate a proper decision on the merits" of the case.  *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

### C. Pro Se Plaintiff

The Court notes that Pasha is proceeding *pro se*.  "A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)).  The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Department of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004)).  At the same time, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

### III. DISCUSSION

The DOH opposes the motion for reconsideration, but the ExecuSearch Group has no position on the motion.  Docs. 136 and 142.  The DOH and the ExecuSearch Group

4

both oppose the motion for leave to file an amended complaint. Docs. 145 and 147. The Court addresses each motion in turn.

### A. Motion for Reconsideration

Pasha does not identify any intervening change of controlling law or newly available evidence[5] that he obtained after he submitted his original papers. *See Kolel Beth Yechiel Mechil of Tartikov, Inc.*, 729 F.3d at 104; *see also Space Hunters, Inc. v. United States*, 500 F. App'x 76, 81 (2d Cir. 2012) (holding that evidence is "newly available" when it is "truly newly discovered or could not have been found by due diligence"). Accordingly, Pasha's motion for reconsideration is denied.

### B. Motion for Leave to File an Amended Complaint

Pasha seeks to add Fregjaj as a party to the pending proposed amended complaint.[6] Doc. 133; *see also* Doc. 49. Pasha also seeks to add the following claims: (1) hostile work environment, (2) disparate treatment, (3) discrimination in contract formation, (4) discrimination in contract performance, (5) retaliation, and (6) failure to enforce contracts. Doc. 133. Defendants argue that the motion should be denied because Pasha (1) failed to include a proposed amended complaint to satisfy particularity requirements of Rule 7(b) of the Federal Rules of Civil Procedure, and (2) is unduly delaying the case by filing "incessant and unnecessary motions" to amend. Docs. 145 and 147.

---

[5] The statement signed by Maggio is not "newly available" because (1) Pasha was aware that Maggio worked at the testing site during the relevant time; and (2) Pasha failed to allege any facts about Maggio in prior pleadings. Pasha argues that Maggio's statement is not "newly available" because he was expressly prohibited by the ExecuSearch Group to contact any employees of the Defendants and claims that Maggio contacted him and offered to help. Doc. 144. However, Pasha does not provide any information as to when this initial contact by Maggio occurred. *See id.*

[6] In the Court's September 19, 2024 Order, the Court directed Pasha to file an amended complaint by October 21, 2024. Doc. 120. After the September 19, 2024 Order, Pasha filed both the motions for reconsideration and for leave to file an amended complaint, and Pasha was specifically directed to not file the proposed amended complaint until after the Court had decided on the motion for reconsideration. Doc. 126.

The Federal Rules require that a motion must "state with particularity the grounds therefore, and shall set forth the relief or order sought." Fed. R. Civ. P. 7(b). In order to meet the requirements of particularity on a motion to amend, "a complete copy of the proposed amended complaint must accompany the motion so that both the Court and opposing parties can understand the exact changes sought." *Smith v. Planas*, 151 F.R.D. 547, 550 (S.D.N.Y. 1993). "Where the proposed amended complaint does not accompany the motion to amend, the Court may hold the motion in abeyance pending the filing of that proposed complaint, ... or the Court may deny the motion without prejudice." *Id.* (citations omitted).

Pasha failed to include a copy of the proposed amended complaint and only provided a brief explanation in support of adding Fregjaj and the various claims. *See Zito v. Leasecomm Corp.*, No. 02-cv-8074 (GEL), 2004 WL 2211650, at *25 (S.D.N.Y. Sept. 30, 2004) (denying adding a new defendant because plaintiffs failed to submit a copy of the proposed complaint). Thus, Pasha's motion for leave to file an amended complaint is denied without prejudice pursuant to Rule 7(b).

### IV. CONCLUSION

For the foregoing reasons, Pasha's motions for reconsideration and for leave to file an amended complaint are DENIED. The Clerk of the Court is respectfully directed to terminate the motions, Docs. 121, 122, 124, and 133. Pasha is directed to file an amended complaint by January 3, 2025 based on the Court's September 19, 2024 Order, Doc. 120. Specifically, Pasha is directed to add his allegations of discrimination based on his ethnicity and his § 1981 claims. *See* Doc. 120. The Defendants' answer or response to the amended complaint will be due by January 20, 2025.

In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

It is SO ORDERED.

Dated:   December 4, 2024
         New York, New York

_____
EDGARDO RAMOS, U.S.D.J.