IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

**MEMO ENDORSED**

| | |
|---|---|
| **Talha S. Pasha** | Case No. 22 CV 3355 |
| -against- | |
| New York State Department of Health, Tandym Group f/k/a ExecuSearch Group | Jury Trial: Yes |

Defendants are directed to respond by January 30, 2025.

SO ORDERED.

_____
Edgardo Ramos, U.S.D.J.
Dated: January 23, 2025
New York, New York

**MOTION FOR RECUSAL**

**I.   PRELIMINARY STATEMENT**

Plaintiff brings cause of action against New York State Department of Health ["NYSDOH"] and Tandym Group[1] ["Tandym"] for discrimination and retaliation from the illegal termination of his employment. The Original Complaint was filed on April 25, 2022 after equitably tolling the statutory jurisdictional requirements and obtaining the necessary Right to Sue Notices from the United States Department of Justice Civil Rights Division and the EEOC, respectively. Plaintiff also obtained Notice of Right to Sue from the United States Department of Justice Civil Rights Division for defendant New York State Department of Environmental Conservation ["NYSDEC"] and filed a Motion for Leave to File an Amended Complaint to add NYSDEC and § 1981 claims to the action after failed court ordered mediation. [Doc. 42 on 12/4/23]. The operative proposed amended complaint would be updated and refiled on 1/30/23 and mistakenly labeled as "(2nd) Amended Complaint." [Doc. 49].

In the briefing process of the proposed amended complaint Doc. 49, Plaintiff had reached out via email to the New York Office of the Attorney General ["NYSOAG"], counsel for NYSDOH,

---

[1] Tandym Group is formerly known as The ExecuSearch Group

and JacksonLewis, counsel for Tandym. Within these communications Plaintiff had provided defendants with information pertaining to the case in communications considered by Plaintiff to be settlement discussions in an attempt to resolve the matter out of court. Attorney for the NYSOAG, Jessica Preis and their client NYSDOH proffered a statement in Doc. 55 on 2/23/24, claiming "harassment" and "bullying" as targeted by Plaintiff by email. NYSOAG attached the emails to the filing of Doc. 55. Plaintiff object to these actions and motioned to strike these offensive assertions and private communications from the record. [Docs. 58, 60-63, 76]. NYSOAG, NYSDOH, and Jessica Preis made allegations which inaccurately state the intention of Plaintiff's actions as potentially criminal nature to detract from the underlying request Plaintiff made for additional changes to the proposed amended complaint Doc. 49. The additional facts sought to counter defendants' arguments against joint employer claims against NYSDEC.

While ordering the defendants to reply to Doc. 75, wherein the Plaintiff made a motion to strike these discriminatory accusations and accompanying documents, in a memo endorsement the Court wrote "Defendants are directed to respond to the letter's request to strike Doc. 55 from the public record by May 2, 2024." Plaintiff object to this endorsement by the Court referring the request by the Plaintiff as "the letter's request" as being dehumanizing to Plaintiff, making the request, and not just and proper, as it suggested the request by Plaintiff wasn't being given proper deference. No correction was filed for this clear error. Plaintiff request judicial intervention and documented issues in Doc. 78. Plaintiff's requests to strike were denied by the Court in Order 83 on 5/13/24. [Doc. 83]. This collateral issue is *sub judice* at the Second Circuit Court of Appeals, as the Court had previously decided in Order 118 on 8/15/24, "The Court has already resolved Pasha's motion to strike and further briefing and arguments on this issue are not proper."

The filing of Doc. 55 was intended to be a reply to Plaintiff's request to make additional amendments to the proposed Amended Complaint Doc. 49. Plaintiff's request for changes came after NYSOAG made a filing in which they intentionally misinterpret the meaning of words and twist the facts of the employer relationship at the work site to gain a favorable ruling. When their arguments were met with additional facts, they made scurrilous accusations and introduced communications not intended for the Court to review, especially not when attached to accusations of "harassment," and "bullying." Plaintiff's request for amendments at that time was denied and the request to add defendant NYSDEC was subsequently denied in Order 120, with the Court adopting the defendants arguments based on incomplete information employing erroneous legal rationale. Particularly, the Court adopted their main legal arguments from a case that employs the definition of "employer" that is not consistent with Title VII, which statutorily defines "employer." Plaintiff subsequently appealed the Opinion & Order 150 denying the Motion for Reconsideration of this decision, especially considering the Court failed to consider newly available evidence and failed to directly discuss the arguments raised.

The Court did grant in part Plaintiff's request to add § 1981 charges based on his ethnicity of Punjabi. Additionally, the Court also instructed Plaintiff in Opinion & Order 150 on 12/4/24 for Plaintiff to add facts and claims, "Specifically, Pasha is directed to add his allegations of discrimination based on his ethnicity and his § 1981 claims. *See* Doc. 120." [Doc. 150]. The Court also denied Plaintiff's request to add defendant Anida Fregjaj in the same filing citing Rule 7(b). Plaintiff filed a Second Motion to Add Defendant & Amend Allegations after his first Motion was Denied and provided a draft copy the proposed amended complaint pursuant to the Rule 7(b). The Court also denied this Motion but allowed Plaintiff to add Anida Fregjaj and

instructed Plaintiff to file the Amended Complaint by the current deadline of January 31, 2025. [Order 164 on 1/21/25]. Plaintiff object and preserved for appeals the Court's filings.

In the Court's filings, Judge Edgardo Ramos had initially set a filing date for Plaintiff's Amended Complaint followed by a due date for an Answer in both Order 120 and Opinion & Order 150. Plaintiff filed a Motion to add claims to Title VII and to ensure facts within the proposed Amended Complaint would hold up to scrutiny and avoid any protracted briefing of an Amended Complaint. Plaintiff cites the Court had previously denied Plaintiff's request to make these amendments then deliberated the Motion for Leave to Amend for over a year; the Court denied Plaintiff's request to strike allegations of "bullying," "harassment" and disclosure of private conversations in Doc. 55; the Court previous dehumanizing of this request by Plaintiff, Doc. 75; the decision to deny adding NYSDEC as a defendant without consideration of the filing of the pending allegations being made in the Amended Complaint; and now providing the Defendants with a litigation strategy to counter Plaintiff's filing of the Amended Complaint. These actions were taken in addition to inaction when Plaintiff raised concerns with Tandym's bad faith actions taken during settlement negotiations, which the Court failed to address at all.

Instead in the latest filing, Order Doc.164, the Court claims actions are being governed by "the rules" without citing which rules and claims the defendants "will have the opportunity to argue if the allegations in the amended complaint are sufficient." [Doc. 164]. The Court then proposes additional briefing will be necessary to consider the sufficiency of allegations. Plaintiff promptly object. The Court, instead of directing an Answer for an Amended Complaint as had been done in Orders 120 & 150, required by Federal Rules of Civil Procedure Rule 15(a)(3) to be made in fourteen (14) days, states defendants "will then determine how to respond to the

amended complaint." The lack of specific direction and due date, as had been previously done, suggests a subversive communication to the defendants to challenge the sufficiency of Plaintiff's Amended Complaint, as a favorable judgement may be pending. Such actions unfairly prejudice the Plaintiff and call into question the fairness of the proceedings. Plaintiff moves to recuse the presiding judiciary, as reassignment would preserve the appearance of justice.

## II.  LEGAL STANDARD

28 U.S.C.A. § 455 governs the disqualification of a federal judge, and states:

> "(a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances: (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;"

The holding of the landmark Supreme Court case on this issue has ruled:

> "§ 455 is triggered by an attitude or state of mind so resistant to fair and dispassionate inquiry as to cause a party, the public, or a reviewing court to have reasonable grounds to question the neutral and objective character of a judge's rulings or findings." *Liteky v. United States*, 510 U.S. 540 (1994).

This ruling "adopts the objective standard of a reasonable observer. As a result, the judge's own subjective perception of impropriety is not necessary to invoke the statute." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000)(internal citations omitted). Instead the prevailing question in determining whether recusal is justified hinges on whether "an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal" *Id*. Plaintiff asserts the presiding Judge Edgardo Ramos has made a significant appearance of partiality towards the defendants, and this stems from the separate extrajudicial statements of "harassment," and "bullying," previously made improperly

by Jessica Preis, the NYS Office of the Attorney General, and NYSDOH, now evident in the language underlying Orders that communicate instructions to defendants subversively. This is not the first time, as the Court made a seemingly innocent mistake of referring to Plaintiff's request as the "letter's request," however coupled with the recent Orders it suggests even the prior instruction by the Court to the defendants conveys a subtle bias, reinforcing a negative attitude towards the Plaintiff. Such language creates an appearance of partiality, undermining Plaintiff's right to a fair and impartial adjudication.

Timeliness of filing a Motion for Recusal requires they be "made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim. *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007)(internal citations omitted). Although there are two reasons for this rule, the applicable reason for this rule as it applies to the instant Motion is "a prompt application affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take." *Id*. Instead of proceeding with this case and allowing Your Honor to further rule on the Amended Complaint, it would be in the interests of justice for recusal and ensure there is no appearance of partiality by allowing an unbiased judiciary to oversee these proceedings. Plaintiff had previously state in his filing of Doc. 165, he would file his Amended Complaint pursuant to the Court's Order 164. That statement is nullified by this filing, as the Plaintiff doesn't seek to waive his right to seek recusal, and timeliness of filing requires immediate filing of this Motion:

> "Waiver is a renunciation—whether expressly through words or implicitly through behavior—of the right to seek recusal. Untimeliness, on the other hand, is merely a failure to seek recusal when it should first have been sought, that is, as soon as the facts on which it is premised are known to the parties." *Bayless*, 201 F.3d at 126.

Plaintiff is *pro se* and only learned of this legal standard following his filing of Doc.165, wherein he established he didn't want to waive this right to seek accusal, however, the second reason for this rule is "a prompt application avoids the risk that a party is holding back a recusal application as a fall-back position in the event of adverse rulings on pending matters." *LoCascio*, 473 F.3d at 497. Plaintiff is now aware that this not an available avenue with such a Motion, therefore, this Motion is being "made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *Id*. Plaintiff proffers comments and rulings consisting of clear errors of law "derive from an extra judicial source or are of such a high degree of favoritism or antagonism as to make fair judgment impossible." Liteky, 510 U.S. at 540.

Plaintiff is not basing this Motion in any adverse ruling alone, as this "almost never constitute(s) a valid basis for a bias or partiality motion." *Id*. Plaintiff brings this Motion because "events occurring in the current course of proceedings" have caused Your Honor to "display a deep-seated favoritism or antagonism" making "fair judgment impossible" and "warrant disqualification." *Id.* Regardless, "the central inquiry under § 455(a) is the appearance of partiality, not its place of origin," and the goal of this statute is to "avoid even the appearance of partiality even when no partiality exists." *Id.* Fairness of proceedings are reasonably questioned.

## III. DISCUSSION

### I. FAILURE TO CLARIFY PERMISSIBLE AMENDMENTS ALLOWED

The Court ordered reply of Doc. 55 was intended to address Plaintiff's request for additional amendments following the NYSDOH filing of their brief, Doc. 50, in reply to Plaintiff's proposed Amended Complaint, Doc. 49. Therein NYSDOH contend NYSDEC couldn't be considered a joint employer because Plaintiff had used the word "alongside" and a joint

employer relationship requires "significant control over the terms of Plaintiff's employment." Plaintiff made the request for additional amendments to provide facts that established significant control over Plaintiff's employment and to provide a more precise statement of facts. Plaintiff's requests and attempts were repeatedly denied by the Court. *See Docs*. *57, 69, 73, 77*. Instead of the Court focusing on the legitimacy of Plaintiff's request to make amendments, the Court turned it's attention to accusations made separately by Jessica Preis and NYSDOH in the same filing, claiming "bullying" and "harassment" by Plaintiff seeking to reach a settlement out of court [Doc. 55]. Plaintiff object and raised the issue with the Court in several filings.

Subsequently, the Court failed to consider any additional facts pertaining to the filing of the proposed Amended Complaint Doc. 49. Instead adopting the arguments made by NYSDOH, claiming defendant NYSDEC did not exercise significant control over Plaintiff's employment, as the facts were insufficient. Plaintiff was aided by a communication by a NYSDEC supervisor on November 1, 2024, providing Plaintiff with a signed affidavit confirming NYSDEC did in fact exercise significant control over Plaintiff's employment as the operations of the testing site was cooperatively managed by both NYSDOH and NYSDEC. [Doc. 144]. Part of Plaintiff's assignment was to areas of the testing site that required direct supervision and significant control over Plaintiff's employment by the NYSDEC. Regardless, the Court denied Plaintiff's Motion for Reconsideration in Opinion & Order 150, failing to address any arguments pertaining to definition of "employer" under Title VII and ruling the statement by NYSDEC Paul Maggio could not be deemed "newly available." Plaintiff filed appeal of this ruling, Doc. 151.

Despite these rulings Plaintiff made no Motion to Recuse, because there was no obvious link to potential partial judgements that would confirm "high degree of favoritism or antagonism as to

make a fair judgement impossible" in the rulings or judgements until the filing of Order 164:

> "The rules require that Mr. Pasha file the amended complaint first. After Mr. Pasha files the amended complaint, the New York State Department of Health and the ExecuSearch Group (the "Defendants") will have the opportunity to argue if the allegations in the amended complaint are sufficient. If the Defendants challenge the sufficiency of the amendments then, and only then, can the Court, with the benefit of additional briefing by Mr. Pasha and the Defendants, consider the sufficiency of the allegations."

The Court did not cite any specific provision from the Federal Rules of Civil Procedure or the Local Rules to substantiate this assertion. Moreover, the Court appears to preemptively address the "sufficiency of amendments" before the amended complaint has even been filed. This can reasonably be interpreted as a signal to the defense to pursue a sufficiency challenge, potentially influencing the defense strategy in a way that may benefit them. Plaintiff had proactively sought to establish the sufficiency of the claims by submitting a Rule 7(b) copy of the proposed Amended Complaint. However, instead of making a determination on sufficiency before the Amended Complaint was filed, the Court insisted on a filing first, thereby providing the defendants with a litigation strategy based on the Court's indication.

Orders 162 and 164 are in stark contrast to Order 120 and Opinion and Order 150 because in the two previous orders the Judge had directed defendants to proffer an Answer and set a deadline for twenty three (23) days and eighteen (18) days, respectively:

> "The remainder of Pasha's motion is granted. Pasha is directed to file an amended complaint by October 21, 2024. The Defendants' answer or response to the amended complaint will be due by November 12, 2024 ." [Order Doc. 120]

> "Pasha is directed to file an amended complaint by January 3, 2025 based on the Court's September 19, 2024 Order, Doc. 120. Specifically, Pasha is directed to add his allegations of discrimination based on his ethnicity and his § 1981 claims. *See* Doc. 120. The Defendants' answer or response to the amended complaint will be due by January 20, 2025." [Opinion & Order Doc. 150]

After Plaintiff filed a Second Motion to Add Defendant & Amend Allegations Doc. 161, and filed a copy of the proposed Amended Complaint with requested changes, that include adding facts that further substantiate § 1981 claims and adding additional charges to § 1981, Title VII, and NYSHRL. The Court denied the Motion, permitted Anida Fregjaj to be added as a defendant and "the claims he believes are appropriate in accordance with the Courts order of September 19, 2024." [Doc. 162] Also in Order 162, the Court directed the defendants differently, instead of directing an "answer or response to the amended complaint" along with deadline for responding, the Court state: "The New York State Department of Health and the ExecuSearch Group [now known as Tandym Group] will then determine how to respond to the amended complaint."

Plaintiff sought clarification of Doc. 162, given this change of instructions and clarification regarding specific facts to be added given previous requests were denied and most of the facts previously denied would now be included in the new filing of the Amended Complaint. [Doc. 163]. Previously Your Honor had state in Doc. 132 that he "will provide clarification regarding potential changes to the proposed amended complaint once the Court resolves the motion for reconsideration." The only clarification the Court has provided has cited his Order 120, which vaguely cites § 1981 claims. The facts being included in the Amended Complaint filing that concern § 1981 are intrinsically connected to facts denied in previous filings. Plaintiff has received no rulings on the permissibility of these facts, an issue Plaintiff seeks to resolve prior to the filing of the Amended Complaint. Furthermore, the Court signals defendants to question sufficiency of Plaintiff's claims upon the filing of the Amended Complaint, instead of an Answer.

In Order 164, the Court also fails to direct an Answer to the filing of the Amended Complaint

along with a specified date for filing, as previously done in Order 120 & Opinion & Order150, instead the Court vaguely states:

> "The rules require that Mr. Pasha file the amended complaint first. After Mr. Pasha files the amended complaint, the New York State Department of Health and the ExecuSearch Group (the "Defendants") will have the opportunity to argue if the allegations in the amended complaint are sufficient. If the Defendants challenge the sufficiency of the amendments then, and only then, can the Court, with the benefit of additional briefing by Mr. Pasha and the Defendants, consider the sufficiency of the allegations."

Plaintiff claims these statements "display a deep-seated favoritism or antagonism" making "fair judgment impossible" and "warrant(ing) disqualification." Plaintiff presents this arguments given the Court's previous denials of Plaintiff's request for amendments, denial of Plaintiff's request to add defendant NYSDEC, and Plaintiff's request to strike impertinent or scandalous material from the record. Plaintiff objects to the Court's the underlying communication to the defendants by the presiding Judge that only after "Defendants challenge the sufficiency of the amendments then, and only then, can the Court, with benefit of additional briefing, consider the sufficiency of allegations." Plaintiff contends the Motion previously filed requesting a ruling would have resolved this issue by allowing Defendants to present any objections and proceeding with the Amended Complaint accordingly. However, the Court denied this Motion instead directing Plaintiff to file the Amended Complaint, which can lead to premature dismissal.

## II. FAIR JUDGEMENT IS IMPOSSIBLE

This action can have several negative effects on Plaintiff's filing of the Amended Complaint, as the Court has already filed several questionable rulings, mainly the Court may proceed with a Motion to Dismiss claiming the Plaintiff violated Court's orders. Plaintiff preemptively filed the Motion to avoid any negative or prejudicial rulings that would further delay presenting his case. The Court's failure to consider the Motion and termination of it's filing coupled with the change

in direction to defendants from an Answer with a deadline to a vague willingness allowing defendants to decide with an open filing date, suggests a deep-seated favoritism and antagonism of the Plaintiff, which may stem from previous accusations from defendants in Doc. 55. It prejudices the Plaintiff as it fails to make a determination pertaining to Plaintiff's Motion, instead allowing the filing of the Amended Complaint and calling for "questions of sufficiency," as it is "then, and only then, can the Court…consider the sufficiency of allegations." Plaintiff objects, as hearing arguments on the Motion would have resolved any "sufficiency of allegation" claims.

Plaintiff didn't seek judgment on the "sufficiency" of his allegations, rather to ensure previous denials of Plaintiff's request to amend would have no bearing on the filing of this Amended Complaint. The actual concern is the procedural concerns and lack of focus on the merits of the underlying claims within the Amended Complaint. Given this subversive directive to defendants questioning the sufficiency of claims and the Court's previous rulings, it has become clear that fair judgment of the Amended Complaint is impossible. This Motion for Recusal is being "made at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *LoCascio v. United States*, 473 F.3d 493, 497 (2d Cir. 2007)(internal citations omitted). By making this Motion prior to the filing of the Amended Complaint, it "affords the district judge an opportunity to assess the merits of the application before taking any further steps that may be inappropriate for the judge to take." *Id*. It is not fair for this Judge to rule on the Amended Complaint, rather recusal through Appeals will be sought to ensure fair proceedings and judgement of this claim and to preserve the appearance of justice.

Although this partiality towards defendants and antagonizing of the Plaintiff may stem from the filing of Doc. 55, previous indiscretions of the Court could easily be ignored or explained

away by simple error or discretion of the Court. However this is the first instance where the Court has blatantly exhibited favoritism towards defendants by not requiring a filing date or directing an Answer, as had previously done twice before. Instead the Court raises issues of "sufficiency" which aren't a concern, as Plaintiff's Amended Complaint would be jeopardized by procedural issues that were intended to be addressed in the filing of the Second Motion to Add Defendant & Amend Allegations. This would allow a fair venue for both parties to address any procedural concerns and focus on the merits of the underlying claims upon filing of the Amended Complaint. Instead, the Court raises "sufficiency issues" that were never mentioned prior to Order 164, and fails to give defendants a deadline for filing an Answer. The Court is guiding the defendants litigation tactics to proceed in responding to the Amended Complaint, which would then be met with an agreeable Court decision to their filings questioning sufficiency. Previous rulings should also be examined for partiality and fairness. Plaintiff **OBJECTS**.

### III. CONCLUSION

    The Court sacrifices the appearance of justice to aid the defendants in the course of litigation. Plaintiff sought to stay within the bounds of the Court's Orders by filing a Motion in advance, and instead of ruling on this Motion, the Court seeks to turn the Amended Complaint into a procedural debate and further delay and prejudice the merits of the underlying claims. It is prejudicial to Plaintiff's ability to seek a fair resolution and in line with previous questionable rulings and subversive statements when put into context, suggests fair judgment is impossible. The Court is guiding this case for the defendants and will summarily grant their challenges, given the Court's disposition. This appearance of partiality undermines the fundamental principles of due process and unfairly prejudices the Plaintiff's case. **OBJECTION**.

**Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this motion: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. Plaintiff's address on file is current and up to date.

Signature of Plaintiff: [signature]
Date of signing: January 22, 2024
Printed Name of Plaintiff: Talha S. Pasha