UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TALHA PASHA,

                        Plaintiff,

-*against*-

NEW YORK STATE DEPARTMENT OF
HEALTH, THE EXECUSEARCH
GROUP, *and* ANIDA SHYTI,

                       Defendants.

**OPINION & ORDER**

22-cv-03355 (ER)

RAMOS, D.J.:

       Talha Pasha, who is *pro se*, brings this action against the New York State Department of Health (the "DOH"), the ExecuSearch Group,[1] and Anida Shyti[2] ("the Defendants"), asserting 17 causes of action related to alleged discrimination, harassment, hostile work environment, retaliation, and wrongful termination that he allegedly experienced in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981 (§ 1981), and the New York State Human Rights Law ("NYSHRL"). Doc. 187. Before the Court is Pasha's motion for recusal. Doc. 197. For the reasons set forth below, the motion is DENIED.

## I.    PROCEDURAL BACKGROUND

       Pasha filed this action on April 25, 2022, alleging that the DOH and ExecuSearch discriminated against him based on his Asian race, Islamic religion, and Pakistani national origin, and retaliated against him for complaining about discrimination. Doc. 2. That same date, Pasha requested leave to proceed in forma pauperis ("IFP"). Doc. 1. On April 26, 2022, the Court granted Pasha's IFP request. Doc. 3. On February 10, 2025, Pasha filed the operative amended

---

[1] The ExecuSearch Group is currently known as the Tandym Group.

[2] Anida Shyti was formerly known as Anida Fregjaj. Shyti was added as a defendant in the operative amended complaint. Doc. 187.

complaint, which added Shyti as a defendant, additional causes of action, and violations of § 1981 and the NYSHRL.  Doc. 187.

On February 10, 2025, Pasha filed four letters requesting that all communications among the parties be directed to the Court.  Docs. 188, 189, 191, 192.  Also, on February 10, 2025, ExecuSearch[3]—whose attorneys were also retained by Shyti that day—filed a letter in response to two of Pasha's letters.  Doc. 190.  On February 11, 2025, the Court denied Pasha's request that all communications among the parties be directed to the Court ("February 11 Order").  Doc. 194.

Also, on February 11, 2025, Pasha filed a letter requesting a pre-motion conference to seek to leave to file a motion for recusal or, in the alternative, a motion for change of venue. Doc. 196.  On February 12, 2025, without having appeared at a premotion hearing, Pasha filed a motion for recusal based on the February 11 Order.[4]  Doc. 197.  On February 12, 13, and 17, 2025, Pasha filed three supplements to the motion for recusal.  Docs. 203, 205, 207.  On February 18, 2025, the ExecuSearch and Shyti jointly responded to the motion, taking no formal position, and the DOH responded separately, opposing the motion and noting that "[n]o reasonable person would conclude that this Court has acted impartially towards [Pasha] or is displaying favoritism towards DOH."  Docs. 208, 211.  Also on February 18, 2025, Pasha filed two replies to the ExecuSearch and Shyti's response to the motion.  Docs. 209, 210.  On February 19, 2025, Pasha replied to DOH's response to the motion.  Doc. 212.

## II.     LEGAL STANDARD

### A. Motion for Recusal

"[T]he decision whether to grant a recusal motion is left to the discretion of the judicial officer."  *United States v. Buff*, No. 19-cv -5549 (GBD) (KNF), 2021 WL 5280246, at *2 (S.D.N.Y. Oct. 18, 2021) (citation omitted).  A judge is required to recuse himself from "any

---

[3] Richard Greenberg and Melanie Ross of Jackson Lewis P.C. represent both ExecuSearch and Shyti.

[4] Pasha filed a previous motion for recusal on January 22, 2025.  Doc. 166.  On January 28, 2025, Pasha withdrew that motion and noted that he retracts "any statements or comments made in any filings or [m]otions that would question the judgment of … Judge Edgardo Ramos."  Doc. 172.  After Pasha withdrew the motion, the Court denied the motion for recusal as moot.  *Id.*

proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *see In re Basciano*, 542 F.3d 950, 956 (2d Cir. 2008). There is a strong presumption of judicial impartiality and "the movant bears the 'substantial' burden of overcoming that presumption." *Joachin v. Morningside Rehabilitation Nursing Home*, 23-cv-07652 (ALC), 2024 WL 2924176, at *1 (S.D.N.Y. May 15, 2024) (citations omitted). When a judge's impartiality is questioned on bias or prejudice grounds, "what matters is not the reality of bias or prejudice but its appearance." *Liteky v. United States*, 510 U.S. 540, 548 (1994). Impartiality is measured on an objective basis and recusal is only warranted if "a reasonable person, knowing all the facts, would conclude that the trial judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021); *see also United States v. Carlton*, 534 F.3d 97, 100 (2d Cir. 2008) (Recusal is warranted only where "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.") (citation omitted). The showing of personal bias to warrant recusal must ordinarily be based on "extrajudicial conduct ... not conduct which arises in a judicial context." *Lewis v. Tuscan Dairy Farms, Inc.*, 25 F.3d 1138, 1141 (2d Cir. 1994) (internal quotation marks and citation omitted). And "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555 (citation omitted); *see Fulton v. Robinson*, 289 F.3d 188, 199 (2d Cir. 2002) (affirming denial of recusal motion filed in case by plaintiff where judge had ruled against him on all his motions and where plaintiff had "speculated that the judge may have been acquainted with [him]"). Moreover, recusal "necessarily results in a waste of the judicial resources which have already been invested in the proceeding." *In re International Business Machines Corp.*, 618 F.2d 923, 933 (2d Cir. 1980); *see United States v. Shulte*, No. 17-cr-548 (JMF), 2023 WL 2614242, at *1 (S.D.N.Y. Mar. 23, 2023). A judge is "as much obliged not to recuse himself when it is not called for as he is obligated to when it is." *In re Drexel Burnham Lambert, Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) (citation omitted).

### III.  DISCUSSION

Pasha brings this motion based on the February 11 Order denying his request, which was spelled out over four separate letters on February 10, 2025, that all communications among the parties be directed to the Court.  *See* Docs. 188, 189, 191, 192, 194, 197.  The first letter noted the following, in relevant part:

> On Monday February 10, after the Court granted [Pasha's] request to amend the Amended Complaint and add [] Shyti … , JacksonLewis attorney Richard Greenberg communicating behind his assistant Melanie Ross, contacted [Pasha] requesting a "[w]aiver of [s]ervice."  Then after [Pasha] objected to any [w]aiver of [s]ervice and insisted that service of process would be completed to avoid any legal technicalities JacksonLewis was trying to employ, Richard Greenberg emailed directly instead of through his assistant.

Doc. 188.  In response to Pasha's letter, ExecuSearch filed a letter noting the following, in relevant part:

> I want to note that my colleague [Melanie] Ross, a seasoned attorney who has been involved in this case for years and is no way my assistant, reached out with the offer [to accept service for Shyti].  Such an assertion is blatantly sexist.

Doc. 190.

Pasha's third and fourth letters objected to any accusation of being "blatantly sexist" and explained that "[w]hen [he] wrote to the Court that [] Greenberg was communicating through his assistant [] Ross, he was merely conveying the roles the two attorneys have played in the course of communications."  Docs. 191, 192.  Pasha also reiterated his request that all communications among the parties be directed to the Court.  *Id.*

In denying Pasha's request that all communications among the parties be directed to the Court, the Court explained that "[t]his matter will be conducted like every other civil matter in this Court," and that "[t]he parties will communicate directly with each other, and will not needlessly insert the Court in standard, pretrial communications among the parties."  Doc. 194.  Pasha filed the motion for recusal the next day.  Doc. 197.

Pasha argues that this Court's "failure to address demeaning, discriminatory, and unfounded accusations against [him] [of "blatant sexism"] demonstrates bias and undermines the fairness of [] proceedings," specifically in reference to February 11 Order.[5] Doc. 197. ExecuSearch and Shyti take no formal position on the motion, but explain that they see "no basis for recusal and believe recusal will only further delay this matter." Doc. 208. The DOH opposes Pasha's motion for recusal and argues that no reasonable person would conclude that this Court has acted impartially towards Pasha. Doc. 211.

Here, Pasha fails to allege any facts suggesting that the Court's impartiality might be reasonably questioned, and his accusations of bias are unsupported. Pasha has plainly not identified any actions by the Court that can be deemed "so extreme as to display clear inability to render fair judgment." *Carlton*, 534 F.3d at 100. Because there is no legitimate basis for Pasha's motion, recusal is not warranted.

### IV. CONCLUSION

For the foregoing reasons, Pasha' motion for recusal is DENIED. In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and therefore denies in forma pauperis status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 197.

SO ORDERED.

Dated:  February 27, 2025
        New York, New York

                                                      EDGARDO RAMOS, U.S.D.J.

---

[5] Pasha also argues that he has been subjected to prior allegations of "harassment" and "bullying", but specifically notes that his motion is based on the order denying his request that all communications between the parties go through the Court. Doc. 197.